# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY P. CATANZARO, | |
| Plaintiff, | NO. 3:17-CV-01487 |
| v. | (JUDGE CAPUTO) |
| BARBARA HARNED, *et al.*, | (MAGISTRATE JUDGE MEHALCHIK) |
| Defendants. | |

## MEMORANDUM

Plaintiff Anthony P. Catanzaro ("Plaintiff") commenced this action on August 21, 2017 asserting claims for abuse of process/malicious prosecution relating to an incident that occurred on April 27, 2017 in the Luzerne County Court of Common Pleas Courthouse. (*See* Doc. 1, *generally*). By Report and Recommendation dated September 22, 2017, Magistrate Judge Karoline Mehalchick recommends that Plaintiff's Complaint be dismissed without prejudice and without leave to amend. (*See* Doc. 5, 6-7). Now before me is Plaintiff's Motion to Appoint Counsel (Doc. 7). Additionally, Plaintiff seeks an extension of time to file objections to the Report and Recommendation.

Plaintiff's motion to appoint counsel will be denied without prejudice. A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent person is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel," but the court cannot order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted . . . ." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) to decide to seek counsel for a litigant, *Montgomery*, 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must assess whether the claimant's case

has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing *pro bono* counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155-157 & n. 5.

Plaintiff has not made a threshold showing for the appointment of counsel in this civil case. Plaintiff asserts that he needs counsel because of his current physical condition. However, Plaintiff must first demonstrate that his claim has some merit in fact and law. At this stage of the proceedings, and further noting the Magistrate Judge's recommendation that Plaintiff fails to state a claim upon which relief can be granted, (*see* Doc. 5, 5-7), it is not clear that Plaintiff is able to do so. Thus, appointment of counsel is not warranted at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. Until then, I will deny Plaintiff's motion to appoint counsel. I will, however, grant Plaintiff an extension of time to file objections to Magistrate Judge Mehalchick's Report and Recommendation.

For the above stated reasons, Plaintiff's motion to appoint counsel will be denied without prejudice, but Plaintiff will be granted until October 31, 2017 to file objections to Magistrate Judge Mehalchick's Report and Recommendation (Doc. 5).

An appropriate order follows.

October 10, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge